Mr. Hogan, can you hear us? Yes. Can you see me? Can you see me? Yes. And Ms. Lang, are you with us? Can you hear me? Yes, I can. Thank you. Great. Case number 20-2375, United States. All right. Mr. Hogan, you may proceed when you're ready. Thank you, Your Honor. Your Honors, the Supreme Court issued its opinion in Riley v. California in June of 2014. 18 months later, a year and a half later, detectives with the St. Charles County Cyber Crimes Detective Unit searched Mr. Pospisil, the appellant's phone, without a warrant. They searched it twice. Charges were issued. Mr. Pospisil, I was appointed as a CJA attorney in the Eastern District of Missouri. We argued a motion to suppress. Your Honor, I kept my argument to the point and brief. It was, I didn't move to exclude all of the evidence. I moved to exclude the evidence specifically taken from his cell phone without a warrant. Officers did get a warrant. They got a warrant for his house and to seize electronic devices. They did not get a warrant for his Samsung Black Galaxy phone with a cracked screen. I'm using that specific language because the detectives in this case were specifically told by Ms. Clay that her boyfriend, Harley Pospisil, has child pornography on a Black That was in the police report. When they went to get a search warrant, they never listed that phone in violation of Riley. Like I said, this is 18 months after that decision. And Your Honor, this was not, this phone was not searched by a rookie patrolman or someone, a traffic cop. Actually, it was searched by Detective Bosley. And in Judge Noel Collins, the United States magistrate who heard my suppression hearing, she states in her order, in her report and recommendation that Detective Bosley of the St. Charles County Cyber Crimes Task Force has 20 years of law enforcement police training. And he worked for eight years in the Cyber Crimes Task Force. He has extensive training in forensic evidence and knowledgeable about digital investigations. Well, if that is the case, if you can say you worked at it for eight years, you're knowledgeable, you're an expert in forensic evidence, how is it possible that you're ignorant of a case, of a Supreme Court case, which impacts your daily job duties? Pornography is no longer delivered on videotapes through the mail like it was when we first started or in books. It is on computers and it is on telephones. And if you are a detective, if you're a sergeant detective leading a task force in dealing with cyber crimes, when is it necessary for you to familiarize yourself with the law? When does that kick in? This is undisputed. The government, in response to my motion to suppress, cited all pre-Riley cases. That, Your Honor, was a tacit admission that they had no evidence, no case law to dispute what I said. Judge Collins, in her report and recommendation, agrees with me and says several times that, yes, the phone was illegally searched, but then they rely on Leon. And to quote, and in her decision, she quotes the United States versus Dennis Sullentrop case. And I will quote a great famous St. Louisian and Yogi Berra, deja vu all over again. Because in 2019, I argued that Sullentrop case before this court, before the Eighth Circuit, and it was identical issues. This time it was Jefferson County. They seized the phone and they refused to get a search warrant to get his phone. And once again, the magistrate said, well, the phone was searched illegally, but the good faith exception applies. That was even more. That was, I think, 24 months after the Riley decision. So I have two different clients, both of them almost identical circumstances. And every time a police officer is too lazy to learn the law and what his job he's required and paid to do, he comes into court. I'll give you another quote of Samuel Johnson and uses, he uses the good faith exception as the last refuge of the scoundrel and says, oh, your honor, here I am, hat in hand, begging for forgiveness for my misdeeds because I'm too lazy to know what the law is. It would be like a homicide detective who refused to learn Miranda and said, well, I just like talking to people and I'm good at talking to people. And that's not really my job. It is his job. This was a cyber crimes detective. It is rare as a defense lawyer in cases in federal court where there's a clear violation of your client's rights. It's hard to think of them, but in this case, impossible. They violated his rights. They searched that phone without a warrant. I had a Supreme Court case backing up my assertions as I did in selling Trump and both times runner. Here we are again with a good faith exception. So I have a simple question for the court. At what point does it become unreasonable for an officer not to know the law that governs his daily job requirements? When? Because this is 18 months, 18 months. Ignorance of the law is not a defense. Well, it is for police. They can just keep saying good faith exceptions. Sooner or later, the courts have to stop allowing lazy, sloppy police work only when the courts take a stance and exclude evidence based upon an officer's unwillingness to learn the law. And please understand if this was a patrolman who wasn't, didn't have training, wasn't supervising others and searched it without it, I would understand that that could be more reasonable. But in this case, it's not my, what is unreasonable is their refusal to learn the law. When you look at the facts of the case, I could understand why a police officer would say, well, I did ask for a search warrant for all of his electronic evidence, his computers and things of that nature. I understand that that's not unreasonable. What is unreasonable is the officer's refusal to know the law that governs their work. It is, it is, it is comparable to a Miranda decision for detectives when they're doing interviews because it would impact their daily jobs, application of their daily job duties. And here, that is the unreasonable part, their refusal to learn to train. And he said, oh, I, when detective Bosley testified, he talked about all of his the rest of my time for a bottle of water. Thank you. Thank you, counsel. Ms. Lange, you may proceed. Good morning. May it please the court. My name is Colleen Lange. I'm an assistant, I'm an assistant United States attorney here in St. Louis, and I am representing the United States this morning. First, I just want to point out to the court, this was not a warrantless search. This is not the same case as Riley. Evidence from the appellant's Samsung Galaxy smartphone in this case should not be suppressed for two reasons. First, the smartphone was encompassed by the language in the warrant. And secondly, law enforcement believed that the search warrant they had for the, for the home covered the smartphone. And it was not an unreasonable belief based on the facts of the case. The search warrant in question listed that the following was authorized to be seized. Any and all electronic data processing and storage devices, computers, other memory storage devices, digital cameras, any physical storage device, then it lists more types of media, including electronic devices. First, the Samsung Galaxy phone is a smartphone. And it's a, it is an electronic storage device. And it has the same capabilities as a, as a computer. And therefore it was covered by the appellant's home that day. In Riley, the Supreme Court discussed how the term cell phone is really a misleading shorthand for devices that are in fact mini computers. And the Supreme Court went on to talk about how the modern day cell phone has immense storage capacity and has a lot of information on it, just like a computer. The district court wrote that the smartphone in this case was internet capable. It was functionally equivalent to a computer and that the search warrant authorized again the search of electronic data processing and storage devices, digital cameras, computers, other memory storage devices, all which the district court recognized matched the characteristics of the appellant's smartphone in this case. The phone also is, was, the district court even further pointed out that the phone had a camera on it and camera, digital camera was listed in the search warrant that accompanied Detective Bosley to the home. There's also some cases that have discussed that smartphones are functionally equivalent to a computer and can also be described as an electronic device or a storage device. And cell, cell and trap is just one of those cases that Mr. Hogan just pointed out. In that case, the search warrant did not list particularly the word cell phone. However, investigators, the search warrant did say that investigators could search any electronic devices seized. And so, and the court wrote that Sellership's phone was one such device. Further, in Post Riley case 2016, the government cited in its original response the Horton case and the district court also wrote about this in their order. In Horton, a Third Circuit case, it was also a child pornography case. The search warrant only authorized the seizure of computers and a cell phone was seized that had evidence on it. The evidence was not suppressed because the data can reside on multiple devices and a comprehensive search would not only include Horton's computer but also any devices capable of storing or transmitting computer data. Secondly, even if this court were to find that the word cell phone or smartphone should have been listed in that search warrant, law enforcement acted in good faith when they seized the Samsung smartphone after they had the search warrant in hand for the home. And some facts that support the good faith are, Detective Bosley testified that he thought that the cell phone was covered by his warrant and he listed the Samsung Galaxy smartphone on the search warrant return the very next day. On the 20th, he drafted, had a judge sign the warrants and he executed it. On the 21st, he returned that search warrant return with Samsung Galaxy listed. He even, at the hearing, Detective Bosley told the court that if the cell phone had not been covered by the warrant, he would have gotten a second warrant. He also testified he went into the home looking for digital evidence of videos and images of child pornography. And anything, you know, in a cell phone is digital, a digital storage device that contained, and in this case contained, a lot of images and videos were stored on it of child pornography. There was also testimony about how this, this Samsung smartphone is different than a regular flip phone because it was internet capable. It had a lot of storage capacity and it was, as Detective Bosley said, it was basically a computer. So it wasn't unreasonable for law enforcement to rely on the warrant when they took the cell phone since the warrant authorized computers, electronic devices, any and all electronic data and storage processing devices. Even the district court said there was a strong argument to be made that the smartphone is covered by the words digital camera or memory storage device in the warrant itself. And if the district court thinks a strong argument can be made that the warrant was particularized enough, then of course it was reasonable for law enforcement to rely on it when they seized the cell phone and searched it. There's no evidence of bad faith in this case. There was no Frank's hearing. And all the facts in this case point to that the officers were objectively reasonable and relying on that search warrant to seize and search this, the smartphone. And as was brought up earlier, some, just briefly, I want to touch on a couple relevant cases. And the first one being cell interrupt that was decided in March of 2020 by this court. And in that case, all the language in cell interrupt, that decision supports at least a finding of good faith in this case. In that case, the search warrant was not as clear as the search warrant in this one. In that case, cell phone or smartphone were also particularly authorized in the search warrant. However, as I described earlier, electronic device or electronic search device was, and the court found that the cell phone was such device. In that case, again, the defense argued that it was a warrantless search, but the officer's testimony was that he believed that the cell phone had been covered by the warrant, and the court found that good faith did apply. In that case also, one of the factors that led to that finding that the officer was acting reasonably was that the officer listed the cell phone in the search warrant return, similarly to what Detective Bosley did here. Then, just briefly, as the court is aware of the Leon decision by the Supreme Court, the Fourth Amendment protects us from unreasonable searches and seizures. The search and seizure of the cell phone here was reasonable. And as far as Riley versus California, which appellate relies so heavily on, that did not remove nor did it limit the good faith exception. And it talks at length about modern day cell phones, how they're really mini computers and have immense storage capabilities. Each one can easily, besides being a phone, is a camera, is a book, is a map, is a television for everyone. So what Riley addressed was that you need a search warrant to search a cell phone. And here, the law enforcement had a search warrant in hand when they went into the home and seized and searched the cell phone. But what Riley does not address is what type of language is required or necessary in the search warrant to properly include cell phone. In conclusion, Your Honor, the evidence in this case, Your Honors, that should not be suppressed. Law enforcement with warrant in hand for electronic pornography. The Samsung smartphone was properly seized pursuant to a warrant, and there's no indication of bad faith by law enforcement in this case. So even if the language in the warrant would not clearly include Samsung smartphone, the exclusionary rule should not apply. Thank you. Thank you, Your Honors. The only reason good faith applies is because an officer acted in faith and refusing to train himself and to educate himself. Ignorance is bliss. I didn't know. I had no idea, Your Honor. Once again, correct the defendant and say, sir, your ignorance of the law is not a defense. Well, this is a police officer of 20 years, eight years in a cyber crimes team leading a task force. If he doesn't need to know what the law is concerning cyber crimes and electronic devices, then whose responsibility is it? Who's going to do this? And counsel for the government takes issue with Riley. The magistrate agreed. They agreed in Solentrop and they agreed in Pospisil that those searches were per se illegal based upon Riley. And she quotes Judge Fleissig. Judge Fleissig, if you read her order, she takes issue with the Supreme Court and Riley decision. She's a district court judge. She's not an appellate judge. She's not a Supreme Court justice. So her opinion of what the law, the best they come up with is a third circuit case. I have Supreme Court of the United States law and they're quoting the third circuit in the eighth circuit. It doesn't happen often, Your Honor. Usually it's the other way around. So with the case law on my side, they rely once again on the good faith exception, making excuses for bad police work, for lazy police work. I said it before, I'll say it again. This wasn't a patrolman who was acting in good faith. This is a supervisor of the cyber crimes task force who has a duty based upon his job to know what the law is. It would be like a lawyer refusing to learn the law is similar to a detective, a sergeant refusing to learn the law when it was 24 months. This is 18 months. I would like for the court to at least address when refusing to learn the law ceases to be a good faith exception and is just declared sloppy, lazy police work. Thank you, Your Honor. All right. Thank you, counsel. And Mr. Hogan, thank you on behalf of the court for your service as appointed counsel in this case. Very well, the case is submitted and counsel may stand aside.